**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:21cv45-NBB-RP |
| v. | ) ) | |
| TALLAHATCHIE COUNTY, AND TALLAHATCHIE COUNTY SHERIFF, in his official capacity | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges:

1.     This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

2.     All conditions precedent to the filing of suit have been satisfied.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331 and § 1345.  Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) because this is the district where the unlawful employment practice is alleged to have been committed.

### PARTIES

4.     Plaintiff is the United States of America.

5.     Defendant Tallahatchie County Sheriff, in his official capacity ("TCS") is an employer in Tallahatchie County, Mississippi, employing at least 15 individuals.  TCS is charged with appointing deputy sheriffs to assist in carrying out the duties of the Sheriff.  The TCS sets the pay for each deputy sheriff, subject to approval of the Sheriff's budget by the County Board of Supervisors.  Miss. Code Ann. § 19-25-19.

6.     Defendant Tallahatchie County ("TC") is an employer and a corporate, governmental body, and/or a political subdivision of the state of Mississippi and is charged with approving the budget of the TCS, including the budget for payment of compensation provided to the deputy sheriffs.  It employs at least 15 individuals.

7.     TCS and TC are persons within the meaning of 42 U.S.C. § 2000e(a), and employers within the meaning of 42 U.S.C. § 2000e(b).

### STATEMENT OF EEOC CHARGE

8.     The Equal Employment Opportunity Commission ("EEOC") received a timely charge of discrimination on July 28, 2015, filed by a black dispatcher employed by Defendants (EEOC Charge No. 423-2015-01865).  In her charge, the dispatcher alleges that she and other black employees were discriminated against with regard to their compensation based on their race, black.  Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated the charge and found reasonable cause to believe that the dispatcher and a class of black employees, including deputy sheriffs, were discriminated against with respect to compensation based on their race.

9.      The EEOC referred the matter to the United States Department of Justice after an unsuccessful attempt to voluntarily resolve the charge via conciliation, for the dispatcher and other black employees, including the deputy sheriffs.

10.     All conditions precedent to the filing of the suit have been performed or have occurred.

### FACTUAL ALLEGATIONS

11.     In or about November 2004, Rodzinski Weekly was hired as a deputy sheriff by defendants at a pay rate of $11.00 per hour.  He received a raise in 2011, to $14.50 per hour and another raise in July 2016, to $16.09 per hour.  As of approximately December 2019, Weekly was no longer employed by defendants.

12.     In or about May 1996, John Page was hired as a deputy sheriff by defendants at a pay rate of $8.50 per hour.  In approximately 2009, he received a raise to $14.50 per hour and received another raise in approximately July 2016, to $17.40 per hour.

13.     In or about April 1998, Perry Herron was hired as a deputy sheriff by defendants at a pay rate of $8.50 per hour.  In approximately 2009, he received a raise to $13.00 per hour and then received another raise in approximately July 2016, to $13.91 per hour.  As of approximately December 2019, Weekly was no longer employed by defendants.

14.     In or about July 2015, Willie A. Booker, Jr. was hired as a deputy sheriff by defendants at a pay rate of $12.25 per hour.  In approximately May 2016, he received a raise to $13.50 per hour.  In approximately July 2016, he received another raise to $13.63 per hour.  Booker's employment with defendants ended in approximately July 2018.

15. Weekly, Page, Herron, and Booker are all black employees who were paid at lower hourly rates than comparable white deputy sheriffs employed by defendants.

16. White comparator deputy sheriffs who were paid at higher hourly rates then some or all of the black deputies include Benjamin McKinney, Timothy Cole, Patrick Tribble and Jimmy Fly.

17. Benjamin McKinney was hired in approximately June 1996, and was paid at a rate of approximately $15.30 per hour from 2013 through July 2016, when he received a raise to approximately $18.36 per hour.

18. Timothy Cole was hired in approximately January 2000, and was paid at a rate of approximately $15.30 per hour from 2013 through July 2016, when he then received a raise to approximately $17.59 per hour.

19. Jimmy Fly was hired in approximately January 2010. From approximately April 25, 2014 through December 24, 2015, Fly was paid an hourly rate of approximately $15.00.

20. Patrick Tribble was hired in approximately May 2002. From approximately 2013 through May 22, 2014, he was paid approximately $14.50 per hour. From approximately, May 23, 2014 through 2016, he was paid approximately $16.00 per hour.

21. The job duties and responsibilities of each of the black deputy sheriffs and the white deputy sheriffs were the same.

22. All pay rates and decisions on raises implemented between at least 1998 through 2016, were made by former Sheriff Brewer.

23. All subsequent pay rates and decisions were made by Sheriff Fly.

4

24. While sheriff, including during the last several years as sheriff, former Sheriff Brewer made several racially discriminatory statements about black deputies and black individuals, including referring to them as "N***ers." Sheriff Brewer's use of the "N" word included reference to Weekly as a "N***er."

25. Sheriff Brewer subjected black deputies to disparate treatment, including requiring them to work less desirable shifts at night, failing to provide all black deputies with proper equipment and uniforms, requiring black deputies to take on more dangerous assignments, and allowing white deputies specialized opportunities.

## TITLE VII VIOLATION

Title VII, 42 U.S.C. § 2000e-2(a)
(Disparate Compensation)

26. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 11-25 above.

27. Deputy Sheriffs Rodzinski Weekly, John Page, Perry Herron, and Willie A. Booker, were each paid at a lower pay rate than white deputy sheriff comparators, based on their race (black), in violation of Title VII, 42 U.S.C. § 2000e-2(a).

28. The black and white deputy sheriffs performed work that was substantially the same job duties and responsibilities.

29. The black and white deputies all reported to the same sheriff who made the disparate compensation rate decisions.

30. There is no legitimate non-discriminatory reason for the pay disparity between the black and white deputy sheriffs.

31. The sheriff who made the disparate pay decisions exhibited animus against black deputies through his racist comments and disparate treatment of the black deputies.

## PRAYER FOR RELIEF

32. WHEREFORE, the United States prays that the Court grant the following relief:

(a) Enjoin TCS and TC from engaging in race discrimination, in violation of Title VII, against any employee or applicant for employment;

(b) Enjoin TCS and TC from administering racially discriminatory pay rates to its deputy sheriffs;

(c) Award backpay and all other appropriate monetary and equitable relief, to Rod Weekly, John Page, Perry Herron, and Willie A. Booker, in an amount to be determined at trial in order to make them whole for the loss they suffered as a result of the discriminatory conduct alleged in this Complaint;

(d) Award Weekly, Page, Herron, and Booker any prejudgment interest on the amount of lost wages determined to be due;

(e) Award compensatory damages to Weekly, Page, Herron, and Booker, to fully compensate them for the pain and suffering caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

(f) Order TCS and TC to institute policies, practices, and programs to ensure a non-discriminatory workplace, including but not limited to implementing appropriate policies and providing adequate training to all employees and officials regarding compensation discrimination;

(g)     Award such additional relief as justice may require, together with the

United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule

38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

<div style="margin-left: 40%;">

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

</div>

BY:

<div style="margin-left: 40%;">

DELORA L. KENNEBREW (GA Bar No. 414320)
Chief
Employment Litigation Section
Civil Rights Division


/s/ Lori Kisch
LORI KISCH (DC Bar No. 491282)
Special Litigation Counsel
U.S. Department of Justice
Employment Litigation Section
Civil Rights Division
150 M Street, NE
Washington, D.C. 20530
Lori.Kisch@usdoj.gov
Telephone: (202) 305-4422
Facsimile: (202) 514-1005

/s/ Sara Safriet
SARA SAFRIET (DC Bar No. 1012810)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
Civil Rights Division
150 M Street, NE
Washington, D.C. 20530

</div>

7

Sara.Safriet@usdoj.gov
Telephone: (202) 305-0827
Facsimile: (202) 514-1005

Attorneys for Plaintiff United States of America