# Exhibit 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| TALLAHATCHIE COUNTY, AND ) | |
| TALLAHATCHIE SHERIFF, ) | |
| IN HIS OFFICIAL CAPACITY ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND TALLAHATCHIE COUNTY AND THE TALLAHATCHIE COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY

### I.  INTRODUCTION

1.     This Settlement Agreement ("Agreement") is entered into between Plaintiff United States of America ("United States"), through the Department of Justice, and Defendants Tallahatchie County and the Tallahatchie County Sheriff, in his official capacity (collectively, "Tallahatchie County or Defendants"), which are governmental bodies established pursuant to the laws of Mississippi.  Plaintiff and Defendants are referred to hereinafter as the "Parties."

2.     This Agreement resolves the issues raised by the United States in a Complaint which will be filed against the Defendants in the United States District Court for the Northern District of Mississippi following the United States' receipt from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination timely filed against Tallahatchie County regarding discrimination in pay based on race by its Sheriff's Office.

{D1604556.1}                    1

3.    In its Complaint, the United States alleges Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, ("Title VII"), by discriminating against black Deputy Sheriffs Rodzinski Weekly, John Page, Perry Herron, and Willie A. Booker, Jr. ("Claimants"), on the basis of their race, by paying them at lower rates than white Deputy Sheriffs.  The Defendants deny these allegations.

## II.    RECITALS

4.    The allegations of the United States against Tallahatchie County are set forth in detail in its Complaint.

5.    The Parties agree that this controversy should be resolved without further proceedings or an evidentiary hearing.

6.    The Parties agree that all statutory prerequisites to the filing of the Complaint by the United States have been met.

7.    To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the United States' claims and in consideration of the mutual promises and obligations set forth below and, in consideration for the payment to each Claimant who executes the Release (Appendices A or B, as relevant), as referenced in Paragraph 28, below, the Parties agree to the material terms and conditions of this Agreement. The Defendants' agreement to these terms and conditions should not and is not to be construed as an admission of liability of any of the allegations contained in the United States' lawsuit.

## III.    TERMS AND CONDITIONS

### A.    DEFINITIONS

8.      "Day" or "days" refer to calendar days, not business days, unless otherwise stated.  If any deadline referenced in this Agreement should fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

9.      "Effective Date" refers to the date of the signature of the last signatory to this Agreement.

### B.    GENERAL INJUNCTIVE & EQUITABLE RELIEF

#### i.    Anti-Discrimination and Non-Retaliation

10.      Tallahatchie County will not engage in any act or practice that discriminates against any Tallahatchie County employee on the basis of race in violation of Title VII.

11.      To the extent proscribed by Title VII, Tallahatchie County shall not discriminate against any person because that person participated in or cooperated with the United States' investigation of Tallahatchie County, participated in the litigation of this case, complained about or opposed the challenged employment practices, or received or sought relief or otherwise benefitted under this Agreement.

#### ii.    Implementation of Policy Governing Pay and Adjustment of Pay Rates

12.      Tallahatchie County agrees to adopt and implement a pay policy for Deputy Sheriffs that on its face, and through its application, ensures no discrimination against black Deputy Sheriffs, based on their race, regarding their pay and pay rates ("Pay Policy").

{D1604556.1}                                    3

13.     Consistent with the adoption and implementation of the Pay Policy, Tallahatchie County shall adjust current Deputy Sheriff pay rates, as necessary, to ensure no discrimination against black Deputy Sheriffs, based on their race, regarding their pay and pay rates.

14.     Prior to implementing the Pay Policy and adjusting pay rates for its Deputy Sheriffs, Tallahatchie County agrees to submit its proposed Pay Policy and pay rates for Deputy Sheriffs to the United States for comment and objection, if any.

15.     Upon request of the United States, Tallahatchie County will produce additional documents and information relating to implementation of the Pay Policy and adjusted pay rates.

16.     Within fifteen (15) days of the Effective Date of this Agreement, Tallahatchie County agrees to submit to the United States for review, any outstanding information requested by the United States relating to its review of Tallahatchie County's proposed Pay Policy and pay rates of Deputy Sheriffs.  Tallahatchie County shall submit further responses within fifteen (15) days of any additional requests for information from the United States. These deadlines may be extended by agreement if warranted by the circumstances.

17.     Within sixty (60) days of receiving all outstanding requested information relating to Tallahatchie County's proposed Pay Policy and pay rates for Deputy Sheriffs, the United States will provide Tallahatchie County with its comments, proposed modifications, or objections, if any, to Tallahatchie County's proposed Pay Policy and pay rates.

18.     Within thirty (30) days of Tallahatchie County's receipt of any comments, proposed modifications, or objections by the United States, Tallahatchie County and the United States will use their best efforts to resolve any disputes regarding the proposed Pay Policy and pay rates for Deputy Sheriffs. If no agreement is reached over the Pay Policy and pay rates for

the Deputy Sheriffs, the United States, without opposition from Tallahatchie County, may file a motion requesting the withdrawal of dismissal of, and to reinstate, the case.

19.     The final Pay Policy and pay rates for Deputy Sheriffs, consistent with this Agreement, shall be implemented within ten (10) days of confirmation from the United States that it has no further comments, proposed modifications, or objections, or Court resolution, whichever is later.

20.     Within ten (10) days of implementing the new Pay Policy, Tallahatchie County will distribute a copy of the Pay Policy to all Tallahatchie County Deputy Sheriffs employed by the County and inform each Deputy Sheriff in writing of their pay rate under the new Pay Policy.

21.     Tallahatchie County will request that each current Deputy Sheriff employee sign an acknowledgement that he or she has received the Pay Policy and has been advised of his or her pay rate under the Pay Policy within ten (10) days of the employee's receipt of the Pay Policy and pay rate.  For any Deputy Sheriff employee who is on personal, sick, administrative or other leave at Tallahatchie County at the time the Pay Policy and pay rate information is distributed, Tallahatchie County shall provide a copy of the Pay Policy along with notification of the employee's pay rate, within fifteen (15) days of his/her return to work and will request this acknowledgement no later than ten (10) days after distribution of the policy.  Tallahatchie County will document in writing, a copy of which will be placed in the employee's personnel file, any instances in which an employee refuses to sign an acknowledgement.  Such refusal shall not be considered a violation of any county policy and may not be subject to discipline. Tallahatchie County will further provide a copy of the Pay Policy and rate of pay information to each new Deputy Sheriff hired after the adoption of the Pay Policy within fifteen (15) days of the

employee's hire date. Tallahatchie County will request that each new Deputy Sheriff employee hired after the adoption of the Pay Policy sign an acknowledgement that he/she has received the Pay Policy and rate of pay that is being offered by the County, no later than ten (10) days after his/her receipt of that information. Tallahatchie County will document in writing, a copy of which will be placed in the employee's personnel file, any instances in which a new hire refuses to sign an acknowledgement. Such refusal shall not be considered a violation of any county policy and may not be subject to discipline.

22. Within ten (10) days of any change in a rate of pay for a Deputy Sheriff, or within ten (10) days of a request from a Deputy Sheriff for confirmation regarding his or her rate of pay, Tallahatchie County shall inform the Deputy Sheriff, in writing, of the change or rate of pay.

23. Within ten (10) days of receipt of any acknowledgement forms signed by current Deputy Sheriffs and for any Deputy Sheriffs hired by the County within six months of the signing of this Agreement, as outline in Paragraph 21, Tallahatchie County shall provide copies to the United States.

24. Tallahatchie County shall provide to the United States a copy of all notifications and documents outlined in Paragraphs 20 and 22 of this Agreement.

**C.  MONETARY RELIEF**

25. In settlement of the United States' claims for relief, Tallahatchie County shall offer back pay compensation to four Claimants totaling $53,200, that is to be distributed among the four Claimants as follows:

      a.  Rodzinski Weekly: $21,500

      b.  John Page: $5,000

    c.   Perry Herron: $9,700

    d.   Willie A. Booker, Jr.: $17,000

26.    Tallahatchie County shall deduct from the back pay amounts, specified in Paragraph 25, each individual Claimant's share of all appropriate taxes and other statutory withholdings. Tallahatchie County shall separately pay its share of any Social Security tax and other applicable employer-side federal, state, and local taxes, costs, and expenses due on back pay, and shall not deduct its share of such taxes, costs, or expenses from the amount paid to each Claimant.

27.    Tallahatchie County shall make all necessary employer pension contributions related to the back pay compensation for all Claimants currently enrolled in the state pension system, which includes John Page, Rodzinski Weekly, and Perry Herron. The employer pension contributions shall not be deducted from the back pay compensation in Paragraph 25. Any required employee pension contributions related to the back pay compensation in Paragraph 25 will be deducted from the checks for Mr. Weekly and Mr. Herron.

28.    To receive relief under this Agreement, a Claimant must execute a Release of Claims form and return it to Tallahatchie County. A copy of the Release to be signed by John Page, Perry Herron, and Willie A. Booker, Jr., is attached hereto as Appendix A, and a copy of the Release to be signed by Rodzinski Weekly is attached hereto as Exhibit B. Both Releases are incorporated into this Agreement by reference.

29.    Tallahatchie County shall notify each Claimant of the monetary compensation being offered under the terms of this Agreement within ten (10) days of the Effective Date of this Agreement by mailing to him, a copy of this Agreement, a copy of the relevant Release of

{D1604556.1}             7

Claims Form set forth in Appendix A or B, and a copy of the Notice Letter set forth in Appendix C, and any withholding forms or other documents that are necessary for Tallahatchie County to comply with its withholding obligations under law or are otherwise needed for Tallahatchie County to process payment to the Claimants. At the same time Tallahatchie County sends the Notice Letter to the Claimants, it shall provide the United States a copy of the Notice Letter and a copy of the Release of Claims Form. The Notice Letter will advise the Claimants that in order to accept the monetary compensation being offered, the Claimant must execute the Release of Claims Form and other enclosed documents necessary to process payment and return them to Tallahatchie County by hand, electronic mail, or US Mail (postmarked), within thirty (30) days of receipt of the Notice Letter and Release of Claims Form, unless he can demonstrate good cause for his failure to do so.

30. Within ten (10) days of receipt of a Claimant's executed Release of Claims Form, Tallahatchie County shall mail to the Claimant a check made payable to the Claimant in the amount set forth in Paragraph 25, less any applicable withholdings discussed in Paragraphs 26 and 27. At the time of payment, Tallahatchie County shall provide the Claimant with a document reflecting the amount paid and any amounts withheld from the monetary settlement. Within the time required by law, Tallahatchie County shall issue to the Claimant all appropriate Internal Revenue Service ("IRS") forms reflecting the amounts paid to the Claimant and the amounts withheld by Tallahatchie County, including issuing to the Claimant a W-2 wage and tax statement for the amount attributable to back pay.

31. At the same time Tallahatchie County sends the Claimant the check discussed in Paragraphs 25-27, it shall provide to the United States a copy of the executed Release of Claims

{D1604556.1}                                     8

Form, a copy of the check, and a copy of all documents sent to the Claimant reflecting the amount paid and any amounts withheld.

## IV.     DISPUTE RESOLUTION

32.     The United States and Tallahatchie County will attempt in good faith to resolve informally any differences regarding interpretation of or compliance with this Agreement prior to initiating any Court action.

33.     If either Party believes that there has been a failure by the other Party to perform in a timely manner any act required by this Agreement, or otherwise to act in conformance with any provision thereof, whether intentionally or not, the first Party will notify the other Party in writing of the concerns about breach and the Parties will attempt to resolve those concerns in good faith.  Unless otherwise expressly agreed in writing, the responding Party shall have twenty (20) days from the date the first Party provides notification of any alleged or actual breach of this Agreement to cure the breach, unless such breach cannot be cured using reasonable efforts in such period, in which case the responding Party will begin undertaking the curing of such breach within such period and will diligently pursue such cure.  If the Parties are unable to resolve a dispute over whether the other Party has breached the Agreement, either Party may file a civil action to enforce the Agreement.  The Parties agree that the United States District Court for the Northern District of Mississippi is the proper venue to enforce this Agreement and that they may, in any action to enforce this Agreement, seek to have that Court impose any remedy authorized at law or equity.

## V.     MODIFICATION OF THE AGREEMENT

34.     This Agreement constitutes the entire agreement and all commitments between the United States and Tallahatchie County.

35.     The United States and Tallahatchie County may agree to modifications of the time limits for the specific performance of the non-monetary provisions set forth in this Agreement.

## VI.    OTHER GENERAL PROVISIONS

36.     The United States may review Tallahatchie County's compliance with this Agreement, within the time frame permitted for enforcement with the Court or within six (6) months from the date of signature of the Agreement, whichever is longer, and accordingly, will have the right to inspect and copy any documents related to Tallahatchie County's compliance with this Agreement upon fifteen (15) days written notice to Tallahatchie County.

37.     All documents required to be delivered to the United States under this Agreement shall be sent via electronic mail to Lori Kisch (at lori.kisch@usdoj.gov) and Sara Safriet (at sara.safriet@usdoj.gov).

38.     The Parties will bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring.

39.     This Agreement may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one agreement.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

40.     Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

41.     This Agreement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Mississippi.  For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.  This Agreement constitutes the complete agreement among the Parties and supersedes all prior agreements, representations, negotiations, and undertakings not set forth or incorporated herein. This Agreement may not be amended except by written consent of all of the Parties.

42.     The undersigned representatives of Plaintiff and Defendant and their counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

43.     This Agreement is binding on all Parties, successors, transferees, heirs, and assigns.

44.     The Parties agree that this Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Parties expressly consent to such release and disclosure pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

45.     Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

46.     The Parties agree that they will not, individually or in combination with another, seek to have any court declare or determine that any provision of this Agreement is illegal or invalid.

47.     This Agreement resolves all claims and disputes between the Parties related to the issues raised in the United States Complaint.  The Parties agree the obligations created by this Agreement survive the execution of the Release.  The Parties agree that, in consummation of this Agreement, the United States will file the Complaint with the Court, and, immediately after that, the Parties will file a Joint Motion for Dismissal with the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Parties further agree that the proposed Dismissal Order to be attached to their Joint Motion for Dismissal will provide that the Complaint initially be dismissed without prejudice, and then be dismissed with prejudice, automatically and without further action of the Court, nine months after the Effective Date of this Agreement, or within the extended time frame granted by the Court for good cause.

Parties' Attorneys: Sign and Date below:

FOR PLAINTIFF UNITED STATES:

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
Chief
Employment Litigation Section

/s/ Lori Kisch
(3/2/2021)
LORI KISCH (DC Bar No. 491282)
Special Litigation Counsel
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, NE, Suite 6.145
Washington, D.C.  20530
Telephone: (202) 305-4422
Facsimile: (202) 514-1005
Email: Lori.Kisch@usdoj.gov

/s/ Sara Safriet
(3/2/2021)
SARA SAFRIET (DC Bar No. 1012810)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, NE, Suite 9.926
Washington, D.C.  20530
Telephone: (202) 305-0827
Facsimile: (202) 514-1005
Email: Sara.Safriet@usdoj.gov


FOR DEFENDANTS TALLAHATCHIE COUNTY, MISSISSIPPI AND TALLAHATCHIE
COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY

/s/Timothy M. Peeples
(3/2/2021)
TIMOTHY M. PEEPLES (MS Bar No. 100103)
Daniel Coker Horton & Bell
265 North Lamar Boulevard, Suite R
Oxford, MS  38655
Telephone:  (662) 232-8979
Fax:  (662) 232-8940
Email:  TPeeples@danielcoker.com

**APPENDIX A**

**INDIVIDUAL RELIEF AND RELEASE OF CLAIMS**

I, [name_____], accept the monetary relief that is being offered to me under the Settlement Agreement entered into between Tallahatchie County and the Tallahatchie County Sheriff, Jimmy Fly, Jr., in his official capacity, (collectively, "Tallahatchie County") and the United States, resolving all legal and equitable claims set forth in the Complaint filed by the United States regarding any discrimination in compensation from my employment as a Deputy Sheriff with Tallahatchie County.

For and in consideration of the acceptance of the relief offered to me by Tallahatchie County, pursuant to the provisions of the Settlement Agreement entered into between the United States and Tallahatchie County, I forever release and discharge Tallahatchie County, and all current and former and future agents, employees, officials, designees, predecessors and successors in interest from all legal and equitable claims set forth in the Complaint filed by the United States regarding any discrimination in compensation from my employment as a Deputy Sheriff with Tallahatchie County that have accrued prior to the date of this release.

Nothing in this release shall waive any claims currently pending in any other lawsuit or for any other claims I may have, other than the claims of discrimination in compensation raised by the United States.

I understand that Tallahatchie County assumes responsibility for all employer-side federal, state, and local tax contributions applicable to the monetary award I receive under the Settlement Agreement. I assume responsibility for any employee-side tax liability applicable to the monetary award I receive under the Settlement Agreement.

This Release constitutes the entire agreement between Tallahatchie County and myself without exception or exclusion.

I acknowledge that a copy of the Complaint and Settlement Agreement in this action have been made available to me for my review.

I further acknowledge that I have had a sufficient opportunity to consult with an attorney of my choosing regarding the terms of this Release.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I AM VOLUNTARILY SIGNING THIS RELEASE.


Signed this _____ day of _____ 2021.


_____

Print Name


_____

Signature

**APPENDIX B**

**INDIVIDUAL RELIEF AND RELEASE OF CLAIMS**

       I, Rodzinski Weekly, accept the monetary relief that is being offered to me under the Settlement Agreement entered into between Tallahatchie County and the Tallahatchie County Sheriff, Jimmy Fly, Jr., in his official capacity, (collectively, "Tallahatchie County") and the United States, resolving all legal and equitable claims set forth in the Complaint filed by the United States regarding any discrimination in compensation from my employment as a Deputy Sheriff with Tallahatchie County.

       For and in consideration of the acceptance of the relief offered to me by Tallahatchie County, pursuant to the provisions of the Settlement Agreement entered into between the United States and Tallahatchie County, I forever release and discharge Tallahatchie County, and all current and former and future agents, employees, officials, designees, predecessors and successors in interest from all legal and equitable claims set forth in the Complaint filed by the United States regarding any discrimination in compensation from my employment as a Deputy Sheriff with Tallahatchie County that have accrued prior to the date of this release.

       Nothing in this release shall waive any claims currently pending in any other lawsuit or for any other claims I may have, other than the claims of discrimination in compensation raised by the United States. Additionally, this release shall not waive any claims I raised in the pending case entitled, *Rodzinski Weekly v. Tallahatchie County, Mississippi, et al.*, Case No. 3:20cv146-MPM-RP, which was filed in the United States District Court for the Northern District of Mississippi.

       I understand that Tallahatchie County assumes responsibility for all employer-side federal, state, and local tax contributions applicable to the monetary award I receive under the Settlement Agreement. I assume responsibility for any employee-side tax liability applicable to the monetary award I receive under the Settlement Agreement.

       This Release constitutes the entire agreement between Tallahatchie County and myself without exception or exclusion.

       I acknowledge that a copy of the Complaint and Settlement Agreement in this action have been made available to me for my review.

       I further acknowledge that I have had a sufficient opportunity to consult with an attorney of my choosing regarding the terms of this Release.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I AM VOLUNTARILY SIGNING THIS RELEASE.


Signed this _____ day of _____ 2021.


_____
Print Name


_____
Signature

## APPENDIX C

**Via First Class US Mail**
Relief Recipient Name
ADDRESS

      Re:     *United States v. Tallahatchie County and Tallahatchie County Sheriff, in his Official Capacity [Case No. _____]*

Dear Mr. [Relief Recipient Name]:

      The United States and Tallahatchie County and the Tallahatchie County Sheriff, in his official capacity (collectively, "Tallahatchie County"), have entered into a Settlement Agreement related to the claims raised in the Complaint filed by the United States in the United States District Court for the Northern District of Mississippi. In its Complaint, the United States alleged that certain black deputy sheriffs were paid less than comparable white deputy sheriffs in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, ("Title VII"). Tallahatchie County denies the allegations, but in the interest of resolving the matter, both parties have entered into the Settlement Agreement.

      Under the terms of the Settlement Agreement, a copy of which is enclosed, you are being offered a monetary award. The award offered to you is [Award Amount] in back pay damages, less applicable taxes, and any applicable pension deductions, consistent with the Settlement Agreement.

      To receive the monetary award, you must **sign the attached Release** and **return it along with the enclosed W-4 and state income tax withholding forms, within 30 days** of receipt. You may return the signed Release and W-4 and state income tax withholding forms, via hand delivery, US Mail, or EMAIL to the to the following:

               [Insert contact name, address, and email]

      **If you do not send the signed and notarized Release to Tallahatchie County within thirty (30) days, you may forfeit your rights to any relief under the Settlement Agreement.** Nothing in this Release shall waive any claims currently pending in any other lawsuit or for any other claims you may have other than the claims of discrimination in compensation raised by the United States.

      The monetary award will be paid to you within ten (10) days after Tallahatchie County receives the signed Release from you. If you have any questions about this settlement, you may consult an attorney of your own choosing and at your own expense or you may contact Lori Kisch at (202) 598-5150; lori.kisch@usdoj.gov from the U.S. Department of Justice.

               Very truly yours,

               [Name of Signatory]